UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KEVIN L. DIXIE, ) | CASE NO. 1:08 CV 0450 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On February 22, 2008, pro se plaintiff Kevin L. Dixie filed the above captioned case against the State of Ohio, Clerk's Office Cleveland and Clerk's Office Toledo. He amended his pleading on March 14, 2008 to request "continue [sic] and extension because of Medical Condition. Metro Health Appointment; 08 March 13." (Am. Compl. at 1.)

The substance of Mr. Dixie's complaint is his claim that he has been subjected to "public ridicule or contempt or to injure his reputation" by the State of Ohio. He was granted permission to travel to a safe house in Cleveland in February 2008. Shortly thereafter he filed motions in the Clerk's Office in the United States District Court for the Northern District of Ohio, which the court dismissed. Upon his arrival at the Clerk's office in Cleveland "illegal

conversations took place. Plaintiff Kevin Lee Dixie['s] mental status agin [sic] questioned by clerks office because of appeal filings." (Compl. at 3.) He avers that he has never spoken to anyone in a three-way conversation "after legal filings to Plaintiff Kevin Lee Dixie knowledge or consent." (Compl. at 4.) For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court shall dismiss an action under section 1915(e) if it is frivolous.[1] An action is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990). This action lacks an arguable basis in law.

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Even liberally construed, the

---

[1] 28 U.S.C. § 1915(e) states, in pertinent part: "the court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ...".

A frivolous claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

complaint does not contain allegations reasonably suggesting Mr. Dixie might have a valid federal claim against these defendants.

Accordingly, plaintiff's application to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*Donald C. Nugent 5/23/08*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3